UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAFAEL ANGIANO,<br><br>    Petitioner,<br><br>v.<br><br>A.K. SCRIBNER, Warden,<br><br>    Respondent. | No. CV 06-6518-DOC (PLA)<br><br>**ORDER ADOPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATION**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On June 9, 2008, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on July 22, 2008, petitioner filed "Objections to Magistrate's Report and Recommendation" ("Objections").

## DISCUSSION

In the Objections, petitioner contests the Magistrate Judge's determination that, under the Sherlock[1] test, the exclusion of petitioner's wife was justified on the ground that she was a potential trial witness. Petitioner states that "the record unequivocally demonstrates that both the

---

[1] United States v. Sherlock, 962 F.2d 1349, 1356-57 (9th Cir.1989)

prosecutor and the trial court conceded that petitioner's wife could *not* be called as a witness. At that point, the trial court had no legitimate basis for barring petitioner's wife." (Objections at 2) (emphasis in original). The Court disagrees. Although petitioner's wife invoked her Fifth Amendment privilege and spousal privilege to not testify, the possibility nevertheless existed that she would later change her mind and agree to take the stand for the defense. As stated in the R&R, this potential testimony of petitioner's wife, who was a percipient witness to certain events relevant to petitioner's case, satisfied both the Sherlock "substantial reason" test as well as the Waller[2] "overriding interest" test. (See R&R at 15).

Petitioner further contends in the Objections that, under the Sherlock test, it would have been a reasonable alternative to just exclude the testimony of petitioner's wife if she sat through the trial and then decided to testify. (Objections at 3-4). The Court does not find that petitioner's suggested alternative is reasonable. Assuming petitioner's wife had decided to testify for the defense and her testimony had been excluded, petitioner could then have claimed that his constitutional right to present a defense was violated.

The Court has considered petitioner's remaining objections and finds them unavailing.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, and petitioner's Objections thereto. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is adopted.

2. Judgment shall be entered consistent with this order.

3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED:  August 22, 2008

*David O. Carter*
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

---

[2]   Waller v. Georgia, 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984).